**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| VICKIE FONTENOT, | * | CIVIL ACTION NO. |
| JOHN EVANS, | * | |
| JAMES CASEY, | * | |
| CLARENCE PETE, | * | |
| RICK WEST, | * | JUDGE: |
| GWEN ALSBURRY, | * | |
| GEORGENE JOHNSON, | * | |
| PHILIP BOUGHTON, | * | |
| ROYETTE THOMAS, | * | MAGISTRATE: |
| ROY MILES, | * | |
| CARRIE PORCHE, | * | |
| ALBERT DUPLANTIS, | * | |
| JERRI THORNLEY, | * | |
| ROSE ROWE, | * | |
| JOHN SUTTLE, | * | |
| MILES MCNEELY, | * | |
| WALTER DUHON, | * | |
| JANE TUCK, | * | |
| EDWARD MASON, | * | |
| NELSON RODGERS, | * | |
| LOUANN GREEN, | * | |
| RODOLFO LAZO, | * | |
| GENA SMITH, | * | |
| GOLDIE DOYLE, | * | |
| SUZANNE FARRELL, | * | |
| WILLIAM ROBINSON, | * | |
| NICK NATALI, | * | |
| CLIFFORD PRICE, | * | |
| CHARLES SMITH, | * | |
| BRENT THERIOT, | * | |
| IDA FRANTZ, | | |
| MARY LEDOUX, | * | |
| BETTY GREEN, | * | |
| RITA FONTENOT, | * | |
| JOSEPH RICHARD, | * | |
| EDITH LEE, | * | |
| ELDRIDGE SMITH, | * | |
| MOSES JONES, | * | |
| DANIELA SONIER, | * | |
| SHEILA STROH, | * | |
| JOE WILLIAMS, | * | |
| GLORIA HARDESTY, | * | |

| | |
|---|---|
| SUE GRANGER, | * |
| MARQUES FRAZIER, | * |
| JANET ZENO, | * |
| WILMA KILPATRICK, | * |
| SKYLUR JOHNSON, | * |
| FEBIA MONROE, | * |
| MARY MOSS, | * |
| PATRICK HILTON, | * |
| MATTHEWS GASKINS, | * |
| LINDA POLK, | * |
| DERRICK TAYLOR, | * |
| MICHAEL THOMAS, | * |
| FRANK JACKSON, | * |
| JOHN TAYLOR, | * |
| KEVIN MALLET, | * |
| LINDA GRANGER, | * |
| SUZANNE G. MARTEL, | * |
| DONNA HERNANDEZ, | * |
| TERRANCE CARRIERE, | * |
| SUSIE LARIVE, | * |
| WILLIAM GONZALEZ, | * |
| KRISTIN MALLETT, | * |
| ERNEST BATCHAN, | * |
| THERESA MARTIN, | * |
| AUDREY JONES, | * |
| TONIA FONDEL, | * |
| KENNETH GRADNEY, | * |
| SHIRLEY PARISH, | * |
| RICHARD MCGEE, | * |
| LYNN HALEY, | * |
| KIRK ROGERS, | * |
| DWANESA GOINS, | * |
| ROXANNE AND HENRY BACARISSE, | * |
| JORDAN WALDMEIER, and | * |
| DARRELL WILLIAMS | * |
| | * |
| *PLAINTIFFS* | * |
| | * |
| VS. | * |
| | * |
| STATE FARM FIRE AND | * |
| CASUALTY INSURANCE COMPANY | * |
| | * |
| *DEFENDANT* | * |

---

**COMPLAINT**

---

**NOW INTO COURT**, through undersigned counsel, come the Plaintiff homeowners in this matter (collectively, "Plaintiffs"), each of whom is further identified below, who, altogether and each individually, respectfully file this Complaint herein against the Defendant insurer, **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** (hereinafter, "Defendant" and/or "**STATE FARM**"), on the grounds and for the reasons set forth below, to wit:

## PARTIES

**1.**

Each of the Plaintiffs herein, identified immediately below, is a person of the full age of majority and is domiciled in this Federal Judicial District and Division within the State of Louisiana, and at all times relevant herein was the owner of the corresponding insured properties at issue in this matter (collectively, the subject "Properties"). At all times relevant and material to this matter, each of these subject Properties, specifically identified below by municipal address, were insured against property damage by a policy of insurance issued and maintained by STATE FARM bearing the corresponding policy numbers listed below. To the extent a specific policy number for any of the Plaintiffs' subject Policies is not identified in the chart below, STATE FARM has either not yet responded to or otherwise denied Plaintiffs' request for the production of said policy number:

| | Plaintiff Name | Insured Property Address | Policy No. |
|---|---|---|---|
| **1)** | Vickie Fontenot | 3209 Hickory Drive<br>Lake Charles, Louisiana 70615 | 18CDB7794 |
| **2)** | John Evans | 1024 4th Avenue<br>Lake Charles, Louisiana 70601 | 18-CE-6994-6 |
| **3)** | James Casey | 501 Earnest Broussard Road<br>Ragley, Louisiana 70657 | Please Provide |
| **4)** | Clarence Pete | 511 Magnolia Drive<br>Jennings, Louisiana 70546 | Please Provide |

| | Plaintiff Name | Insured Property Address | Policy No. |
|---|---|---|---|
| 5) | Rick West | 356 Myers Lane<br>Deridder, Louisiana 70634 | 18-BR-6447-4 |
| 6) | Gwen Alsburry | 912 Holliday Street<br>Oakdale, Louisiana 71463 | 18-BZ-0138-3 |
| 7) | Georgene Johnson | 800 Fontenot Street<br>Iowa, Louisiana 70647 | 18EE95133 |
| 8) | Philip Boughton | 1218 Mary Lane<br>Oakdale, Louisiana 71463 | 18-CD-J248-7 |
| 9) | Royette Thomas | 5031 Doise Road<br>Elton, Louisiana 70532 | 18-BZ-F653-1 |
| 10) | Roy Miles | 1426 Lauderdale Woodyard Rd<br>Kinder, Louisiana 70648 | Please Provide |
| 11) | Carrie Porche | 26191 Highway 383<br>Kinder, Louisiana 70648 | 18-CD-6728-1 |
| 12) | Albert Duplantis | 811 Magazine Street<br>Lake Charles, Louisiana 70607 | 18-E0-9331-5 |
| 13) | Jerri Thornley | 1211 Kellison Lane<br>Sulphur, Louisiana 70663 | 18-27-8664-2 |
| 14) | Rose Rowe | 5541 Hickory Branch Road<br>Lake Charles, Louisiana 70611 | 18-378935-9 |
| 15) | John Suttle | 2718 Pete Seay Road<br>Sulphur, Louisiana 70663 | 18-BL-L229-6 |
| 16) | Miles McNeely | 712 Barham Road<br>Hornbeck, Louisiana 71439 | 18BAC913-3 |
| 17) | Walter Duhon | 502 1st Avenue<br>Fenton, Louisiana 70640 | 18-CD-6270-8 |
| 18) | Jane Tuck | 108 Raymond Drive<br>DeRitter, Louisiana 70634 | Please Provide |
| 19) | Edward Mason | 2713 General Buckner Street<br>Lake Charles, Louisiana 70615 | 18-26-6899-6 |
| 20) | Nelson Rodgers | 4125 Mary Ann Lane<br>Lake Charles, Louisiana 70605 | 18-28-8924-6 |
| 21) | Louann Green | 1894 Hwy 458<br>Pitkin, Louisiana 70656 | Please Provide |

| | Plaintiff Name | Insured Property Address | Policy No. |
|---|---|---|---|
| 22) | Rodolfo Lazo | 4035 West Walton Street<br>Lake Charles, Louisiana 70607 | 18-CA-E420-0 |
| 23) | Gena Smith | 10332 Lewis Road<br>DeRidder, Louisiana 70634 | Please Provide |
| 24) | Goldie Doyle | 188 Lonzie Doyle Road<br>Pipkin, Louisiana 70656 | 18GC09925 |
| 25) | Suzanne Farrell | 303 West Maggie Street<br>Leesville, Louisiana 71446 | Please Provide |
| 26) | William Robinson | 459 Ethel Williams Road<br>Elton, Louisiana 70532 | Please Provide |
| 27) | Nick Natali | 4411 Tamarack Street<br>Lake Charles, Louisiana 70605 | Please Provide |
| 28) | Clifford Price | 1308 Craft Street<br>Lake Charles, Louisiana 70601 | 18-BA-M379-0 |
| 29) | Charles Smith | 1309 Simmons Street<br>Lake Charles, Louisiana 70601 | 18-B9-W545-3 |
| 30) | Brent Theriot | 2849 Odis Vincent Road<br>Sulphur, Louisiana 70663 | 18-BM-C391-0 |
| 31) | Ida Frantz | 7950 Herbert Road<br>lake charles, Louisiana 70607 | 18-BC-W336-6 |
| 32) | Mary LeDoux | 808 Live Oak Street<br>Lake Charles, Louisiana 70601 | 18-CA-C696-3 |
| 33) | Betty Green | 2108 12th Street<br>Lake Charles, Louisiana 70601 | Please Provide |
| 34) | Rita Fontenot | 3017 Admiral Nimitz<br>Lake Charles, Louisiana 70615 | Please Provide |
| 35) | Joseph Richard | 423 Kay Lane<br>Lake Charles, Louisiana 70611 | 18-B0-R381-7 |
| 36) | Edith Lee | 540 McArthur Street<br>Sulphur, Louisiana 70663 | 18-BM-P172-0 |
| 37) | Eldridge Smith | 605 7th Street<br>Oberlin, Louisiana 70655 | Please Provide |
| 38) | Moses Jones | 1601 Lewis Street<br>Lake Charles, Louisiana 70601 | 18-72-1909-0 |

| | Plaintiff Name | Insured Property Address | Policy No. |
|---|---|---|---|
| **39)** | Daniela Sonier | 2343 Magnolia Church Rd<br>Ragley, Louisiana 70657 | 18-B2-J309-2 |
| **40)** | Sheila Stroh | 5716 W Dietrich Loop<br>Lake Charles, Louisiana 70605 | 18-BJ-N939-5 |
| **41)** | Joe Williams | 231 Rio Hondo Street<br>Sulphur, Louisiana 70663 | 18-BG-B082-1 |
| **42)** | Gloria Hardesty | 1928 Greene Avenue West<br>Lake, Louisiana 70669 | 18-EM-8641-0 |
| **43)** | Sue Granger | 3807 Green Leaves Drive<br>Suphur, Louisiana 70663 | Please Provide |
| **44)** | Marques Frazier | 8559 Highway Gulf Stream Mountain<br>Lake Charles, Louisiana 70601 | Please Provide |
| **45)** | Janet Zeno | 402 Kelly Street<br>Welsh, Louisiana 70591 | 18BDX6909 |
| **46)** | Wilma Kilpatrick | 5236 Carla Street<br>Rosepine, Louisiana 70659 | 18-BV-Q439-1 |
| **47)** | Skylur Johnson | 503 Park Avenue<br>DeRidder, Louisiana 70634 | Please Provide |
| **48)** | Febia Monroe | 129 Guillory Street<br>Elton, Louisiana 70532 | 18-BE-G833-6 |
| **49)** | Mary Moss | 578 Mims Road<br>Westlake, Louisiana 70669 | 18-B8-4026-8 |
| **50)** | Patrick Hilton | 533 Corley Road<br>Vernon Parish, Louisiana 71403 | 18-BZ-D261-7 |
| **51)** | Matthews Gaskins | 4900 Desoto Street<br>Lake Charles, Louisiana 70607 | Please Provide |
| **52)** | Linda Polk | 2813 General Dolittle Avenue<br>Lake Charles, Louisiana 70615 | 18-B6-U508-7 |
| **53)** | Derrick Taylor | 1617 Sunset Drive<br>Lake Charles, Louisiana 70607 | 18-CD-U418-1 |
| **54)** | Michael Thomas | 1011 E Dixie Street<br>Oakdale, Louisiana 71463 | Please Provide |
| **55)** | Frank Jackson | 501 Lee Avenue<br>DeRidder, Louisiana 70634 | Please Provide |

| | Plaintiff Name | Insured Property Address | Policy No. |
|---|---|---|---|
| **56)** | John Taylor | 20017 Highway 383<br>Iowa, Louisiana 70647 | Please Provide |
| **57)** | Kevin Mallet | 809 Seymour Pullam Lane<br>Dequincy, Louisiana 70633 | Please Provide |
| **58)** | Linda Granger | 1704 4th Avenue<br>Lake Charles, Louisiana 70601 | 18-C9-8000-0 |
| **59)** | Nick Natali | 19475 Louisiana 383<br>Iowa, Louisiana | 18-BF-J796-3 |
| **60)** | Suzanne G. Martel | 1712 Goos Road<br>Lake Charles, Louisiana 70611 | 18-87-7393-1 |
| **61)** | Donna Hernandez | 2289 West Dave Dugas Road<br>Sulphur, Louisiana 70665 | 18-CJ-9773-2 |
| **62)** | Terrance Carriere | 904 13th Street<br>Lake Charles, Louisiana 70601 | Please Provide |
| **63)** | Susie LaRive | 2941 Spell Road<br>Vinton, Louisiana 70668 | Please Provide |
| **64)** | William Gonzalez | 112 Miller Avenue<br>Leesville, Louisiana 71446 | 18-BV-M110-0 |
| **65)** | Kristin Mallett | 1141 Moss Wood Drive Unit 22<br>Sulphur, Louisiana 70663 | Please Provide |
| **66)** | Ernest Batchan | 5624 Spring Lane<br>Lake Charles, Louisiana 70605 | Please Provide |
| **67)** | Theresa Martin | 2010 Medora Street<br>Lake Charles, Louisiana 70601 | 18-B6-N135-6 |
| **68)** | Audrey Jones | 518 Azelia Street<br>Roanoke, Louisiana 70581 | Please Provide |
| **69)** | Tonia Fondel | 905 Cathy Street<br>Lake Charles, Louisiana 70615 | Please Provide |
| **70)** | Kenneth Gradney | 10936 Oakdale Road<br>Oakdale, Louisiana 71463 | Please Provide |
| **71)** | Shirley Parish | 2045 13th Street<br>Lake Charles, Louisiana 70601 | 18-BB-V804-6 |
| **72)** | Richard McGee | 175 Branham Road<br>Deridder, Louisiana 70634 | Please Provide |

| | Plaintiff Name | Insured Property Address | Policy No. |
|---|---|---|---|
| **73)** | Lynn Haley | 411 N Louise Street<br>Jennings, Louisiana 70546 | 18-GC-5267-3 |
| **74)** | Nick Natali | 4411 Tamarack Street<br>Lake Charles, Louisiana 70605 | 18-BF-J796-3 |
| **75)** | Kirk Rogers | 6818 W. Calcasieu Drive<br>Lake Charles, Louisiana 70605 | 18-BS-5956-8 |
| **76)** | Dwanesa Goins | 1809 6th Avenue<br>Lake Charles, Louisiana 70601 | Please Provide |
| **77)** | Roxanne and Henry Bacarisse | 132 E Wayside Drive<br>Westlake, Louisiana 70669 | 18B9G1570 |
| **78)** | Jordan Waldmeier | 429 Reid Street<br>Lake Charles, Louisiana 70601 | B2-F797-1 |
| **79)** | Darrell Williams | 2665 Scarlett Drive<br>Lake Charles, Louisiana 70611 | Please Provide |
| **80)** | Nick Natali | 4411 Tamarack Street<br>Lake Charles, Louisiana 70605 | 18-BF-J796-3 |

**2.**

Made and named as defendant herein is STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, a foreign insurance corporation organized and incorporated under the laws of the State of Illinois with a principal place of business located in Bloomington, Illinois, but which is authorized to do and doing business in the State of Louisiana, and which may be served through its agent for service of process in this State: Louisiana Secretary of State, located at 8585 Archives Avenue, Baton Rouge, LA 70809.

**3.**

Plaintiffs join together in this action against STATE FARM pursuant to and in accordance with FED. R. CIV. P. 20(a), as each of the Plaintiffs' claims and rights to relief asserted herein are with respect to and/or arise out of the same occurrence and/or series of occurrences and involve questions of both law and fact that are common, if not identical, to all Plaintiffs.

## JURISDICTION AND VENUE

**4.**

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship as between the parties, and the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Specifically, each of the Plaintiffs herein is a citizen of the State of Louisiana, whereas Defendant herein is a foreign corporation incorporated under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois, which makes it a citizen of that state. Thus, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**5.**

This Court has personal jurisdiction over STATE FARM because STATE FARM does and is authorized to do business in the State of Louisiana, and because it issued policies of insurance covering the Properties that are situated in this State and this federal judicial district.

**6.**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims which are the subject of this lawsuit occurred within this federal judicial district, and because each of the Plaintiffs' Properties that are the subject of this litigation are situated entirely within this federal judicial district.

## FACTUAL BACKGROUND

**7.**

At all times relevant to this matter, Defendant maintained policies of property insurance providing coverage for each of the Plaintiffs' respective Properties (the subject "Policies") as

identified above in ¶ 1.[1]

**8.**

Each of the Plaintiffs' respective Policies, at all times relevant and material to the case, constituted a contract between each such Plaintiff and this Defendant.

**9.**

Plaintiffs fully performed at all times under their respective Policies, including by paying all premiums when due and satisfying all other Policy requirements, and all such Policies were in full force and effect on both August 27, 2020 and October 9, 2020.

**10.**

On or about August 27, 2020, Hurricane Laura swept through Southwest Louisiana as the strongest hurricane to affect Southwest Louisiana in recorded history, ultimately causing extensive and catastrophic physical damage to each of the Plaintiffs' Properties.

**11.**

The mandatory evacuation issued by State government officials on August 24, 2020 in anticipation of Hurricane Laura remained in place for more than two months, leaving homes and businesses that were severely damaged by Hurricane Laura, including the subject Properties, neglected and exposed to unrelenting heat and humidity for months.

**12.**

A little over a month later, on or about October 9, 2020, Hurricane Delta made landfall in Southwest Louisiana, causing extensive *additional* damage to each of the Plaintiffs' Properties,

[1] Again, it bears reiterating here that, to the extent a specific policy number for any of the Plaintiffs' subject Policies is not identified hereinabove in ¶ 1, this is because some discrepancy still exists as to the actual correct policy number. In an effort to resolve any such discrepancy, undersigned counsel has repeatedly requested this specific information from STATE FARM, including, but not limited to, in its initial Letter of Representation, but to date, STATE FARM has either not yet responded or otherwise repeatedly denied this request.

each of which had already been devastated by Hurricane Laura. In the end, Hurricane Delta was equally catastrophic, particularly in the areas that had just been ravaged by Hurricane Laura only 43 days before, ultimately significantly exacerbating the extensive and catastrophic physical damage that had already been caused to each of the Plaintiffs' Properties by Hurricane Laura.

**13.**

At the times of both Hurricane Laura and Hurricane Delta (the subject "Hurricanes"), each of the Plaintiffs' Policies were in full force and effect and provided coverage for the specific type of damage to the Properties that were caused by said Hurricanes.

**14.**

As a consequence of the two Hurricanes, Plaintiffs have incurred and/or will incur significant expenses to restore their respective Properties to their pre-storm conditions.

**15.**

Following both of the Hurricanes, each of the Plaintiffs timely gave notice of and reported their covered damages and losses to Defendant and properly submitted to Defendant claims for insurance proceeds owed under their respective Policies.

**16.**

After being notified by the Plaintiffs of their respective damages and losses to the Properties caused by the Hurricanes, Defendant scheduled and conducted inspections of each of said Properties, giving Defendant, at that time, both actual and satisfactory proof of the losses and the covered damages sustained by said Properties.

**17.**

Invariably, the Defendant's inspections of the Plaintiffs' Properties and corresponding adjustments of the covered losses were wholly deficient, each time resulting in estimates of

damages which grossly misrepresented the true nature, scope, and/or extent of the covered damages to the Properties caused by the subject Hurricanes.

**18.**

Despite having proof of the true nature, scope, and extent of the damages to the Properties caused by the subject Hurricanes, Defendant arbitrarily and capriciously refused to honor its obligations under the Plaintiffs' Policies, including, among other ways, by systematically denying and/or underpaying each of the Plaintiffs' insurance claims, and by failing to pay the full amounts due and owing to Plaintiffs under their respective Policies within time periods prescribed by law.

**19.**

Defendant has since continued unfairly and improperly in delaying action and denying the full payments owed to Plaintiffs under their respective Policies, all of which still remains due and owing to each of the Plaintiffs, respectively, under each of their subject Policies.

**20.**

As a result of Defendant's vexatious refusal to pay each of the Plaintiffs' claims fairly and promptly and to otherwise perform under the Policies, including, but not limited to, its failures to timely pay all amounts owed to each of the Plaintiffs under their respective Policies, Plaintiffs have suffered and continue to suffer considerable damages for which Defendant is now liable.

**BREACH OF CONTRACT**

**21.**

Plaintiffs repeat and re-allege each and every allegation set forth above as if copied and restated herein *in extenso*.

**22.**

Each of the Plaintiffs' respective Policies, delineated above, at all times relevant and

material to the case, constituted a contract between each such Plaintiff and this Defendant.

**23.**

Plaintiffs fully performed at all times under their respective Policies, including by paying all premiums when due and satisfying all other Policy requirements, and all such Policies were in full force and effect on both August 27, 2020 and October 9, 2020.

**24.**

Despite having received satisfactory proofs of the losses and covered damages to the Properties caused by the subject Hurricanes, Defendant denied and/or grossly underpaid each of the Plaintiffs' respective insurance claims and, in so doing, breached its contractual obligations to timely pay all amounts owed under the Policies.

**25.**

In particular, Defendant materially breached and failed to perform under each of the respective Policies by, among other ways: **a)** not thoroughly investigating the Plaintiffs' respective claims; **b)** providing and relying upon unrealistic and arbitrary estimates of the value of the covered damages; **c)** arbitrarily dismissing obvious damage caused by the subject Hurricanes; **d)** denying all or part of, and/or grossly underpaying each of the Plaintiffs' claims despite obvious covered damages; **e)** not tendering the reasonable and necessary proceeds due under the Policies in a timely fashion to repair the covered damages to the Properties; **f)** failing to timely and unconditionally tender the undisputed amounts owed under the Plaintiffs' respective Policies for the losses and damages covered; and/or **g)** not acting reasonable under the circumstances.

**26.**

Further, Defendant's conduct in the handling and adjustment of the Plaintiffs' respective claims, including, but not limited to, its vexatious refusal and failure to timely pay all sums clearly

owed under the Policies, has been arbitrary, capricious, and without probable cause.

**27.**

As a result of Defendant's continuing breaches of its contractual duties under the Policies, each of the Plaintiffs has suffered and continues to suffer both general and special damages for which Defendant is now liable; this includes, but not limited to, all amounts owed under the Policies that remain unpaid, all costs associated with recovering, repairing and/or replacing the covered Properties, plus the increased repair and replacement costs due to market inflation, as well as all mitigation costs, additional living expenses, and all other amounts owed under all applicable coverages, plus general damages for delay, mental anguish, emotional distress and inconvenience, plus statutory penalties on all amounts owed but not timely paid under La. R.S. 22:1892 and La. R.S. 22:1973, discussed *infra*, plus reasonable attorneys' fees and costs, together with interest and all other damages that Plaintiffs may prove as allowed by law.

**STATUTORY VIOLATIONS AND PENALTIES UNDER LA. R.S. 22:1892 AND LA. R.S. 22:1973**

**28.**

Plaintiffs repeat and re-allege each and every allegation set forth above as if copied and restated herein *in extenso*.

**29.**

La. R.S. 22:1892 expressly obligates a property insurer issuing policies in the State of Louisiana, such as Defendant here, to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured," La. R.S. 22:1892(A)(1), and further, to "make a written offer to settle any property damage claim … within thirty days after receipt of satisfactory proofs of loss of that claim." La. R.S. 22:1892(A)(4). The same statute further provides that an insurer's failure to do so shall subject the insurer to a penalty, in addition to the

amount of the loss, of fifty percent (50%) damages on the amount found to be due, "as well as reasonable attorney fees and costs." La. R.S. 22:1892(B)(1).

**30.**

Defendant failed to pay all of the amounts owed to the Plaintiffs under each of their respective Policies within thirty (30) days of receiving satisfactory proofs of the covered losses in direct violation of La. R.S. 22:1892, and Plaintiffs remain entitled to all such amounts owed under their Policies that remain unpaid.

**31.**

Specifically, Defendant breached its statutory obligations owed to each of the Plaintiffs herein under La. R.S. 22:1892 by **a)** failing to pay to each of the Plaintiffs the full amount owed under their Policies within thirty (30) days of receiving satisfactory proofs of the covered losses, and further, in most cases herein, by **b)** failing to make a written offer to settle the Plaintiffs' claims within 30 days after receiving satisfactory proofs of the losses.

**32.**

Consequently, pursuant to La. R.S. 22:1892, Defendant is now liable unto each of the Plaintiffs herein for all amounts owed to them under their respective Policies that remain unpaid, plus, in each such case, an additional statutory penalty of 50% of each such amount, plus "reasonable attorney fees and costs." La. R.S. 22:1892(B)(1).

**33.**

Additionally, La. R.S. 22:1973 further imposes on property insurers issuing policies in Louisiana, such as Defendant here, a general duty of "good faith and fair dealing," specifically including "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured." La. R.S. 22:1973(A). This general duty further specifically

includes, among other things, an obligation not to misrepresent pertinent facts, and an obligation to pay the full amount of any claim due an insured within sixty (60) days after receipt of satisfactory proof of loss. *See* La. R.S. 22:1973(B). Any insurer who breaches these obligations is liable for damages sustained as a result of the breach, as well as a penalty of up to "two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C).

**34.**

Defendant plainly breached its statutory duties of good faith and fair dealing set forth in La. R.S. 22:1973 by, among other ways: a) failing to adjust each of the Plaintiffs' claims fairly and promptly; b) failing to make a reasonable effort to settle Plaintiffs' claim(s); c) arbitrarily and capriciously, and without probable cause, failing to pay the full amount of the claim owed to each of the Plaintiffs under their respective Policies within sixty (60) days of having received satisfactory proofs of the losses; and d) making misrepresentations of pertinent facts concerning the amounts owed and the extent of coverage under the Policies. *See* La. R.S. 22:1973(A)-(B).

**35.**

As a consequence of Defendant's breaches of its statutory duties set forth under La. R.S. 22:1973, Defendant is now additionally liable unto each of the Plaintiffs for all of the general and special damages sustained by each of the Plaintiffs as a result of said breaches, including, but not limited to, all amounts owed under the Policies that remain unpaid, plus, in each such case, an additional statutory penalty of "two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C).

**36.**

Defendant was, is, and continues to be in violation of both La. R.S. 22:1892 and La. R.S. 22:1973 and is thus liable unto each of the Plaintiffs for general and special damages, statutory

penalties, attorneys' fees, interest and costs, all as is specifically intended and allowed for under said statutes and applicable Louisiana law.

**37.**

Indeed, as a result of Defendant's continuing breaches of both its legal and contractual duties, each of the Plaintiffs has suffered and continues to suffer both general and special damages for which Defendant is now liable; this includes, but not limited to, all amounts owed under the Policies that remain unpaid, all costs associated with recovering, repairing and/or replacing the covered Properties, plus the increased repair and replacement costs due to market inflation, as well as all mitigations costs, additional living expenses, and all other amounts owed under all applicable coverages, plus general damages for delay, mental anguish, emotional distress and inconvenience, plus statutory penalties on all amounts owed but not timely paid under La. R.S. 22:1892 and La. R.S. 22:1973, including reasonable attorneys' fees and costs, together with interest and all other damages that Plaintiffs may prove as allowed by law.

## JURY DEMAND

**38.**

Pursuant to FED. R. CIV. P. 38, Plaintiffs hereby request a trial by jury.

**WHEREFORE**, on the basis of the above and foregoing, Plaintiffs join together in this action in respectfully praying as follows:

**a)** That the named defendant herein, STATE FARM FIRE AND CASUALTY INSURANCE COMPANY ("Defendant" and/or "State Farm"), be served with a copy of this Complaint and be duly cited to appear herein and answer the same;

**b)** That after all due proceedings are had, judgment be entered herein in favor of Plaintiffs, and against Defendant, finding Defendant in breach of the subject

insurance Policies and in violation of applicable law, and thus awarding to each of the Plaintiffs all damages that are reasonable in the premises, including, but not limited to, all benefits and amounts due under the subject insurance Policies, plus all statutory penalties, attorneys' fees, interest and costs owed under La. R.S. 22:1892 and La. R.S. 22:1973, together with legal interest thereon from the date of judicial demand until fully paid, all as afforded under applicable law; and

**c)** For all orders, decrees, and other general and equitable relief to which Plaintiffs may be entitled an/or which this Court may deem appropriate in the premises.

Respectfully Submitted:
**MCCLENNY MOSELEY & ASSOCIATES, PLLC**

*/s/ Claude F. Reynaud III*
**R. William Huye, III, LA Bar No. 38282**
**Claude F. Reynaud III, LA Bar No. 31534**
**Cameron Snowden, LA Bar No. 35333**
**Grant Gardiner, LA Bar No. 39888**
1820 St. Charles Ave., Suite 110
New Orleans, Louisiana 70130
Principal Office: (713) 334-6121
Facsimile: (713) 322-5953
William@mma-pllc.com
Claude@mma-pllc.com
Cameron@mma-pllc.com
Ggardiner@mma-pllc.com